JOHN D. MARSH v. A. C. MARSH'S ASSIGNEE.

**Conveyance as Against Creditors.**

> A voluntary conveyance by a father to his son, without other consideration than love, will not be allowed or upheld as against the father's creditors.

APPEAL FROM BOURBON CIRCUIT COURT.

May 8, 1883.

OPINION BY JUDGE PRYOR:

The question in this case is one of fact only. The conveyance by the father to the son was voluntary and can not prevail as against the claims of creditors existing at the time. The father only owned one hundred acres of land, twenty acres of which (and the best part of it) he conveyed to his son shortly before his insolvency. He claims and is allowed a homestead out of the remainder of the land, leaving but a small balance to pay creditors. His son, the appellant, as the proof shows, was by no means energetic or prosperous in business affairs, and is endeavoring to establish an indebtedness by the father to him by reason of the sale of the progeny of a certain heifer calf that had been on his father's place for years, and her calves sold from time to time by the father and the money kept or converted to his own use.

The father was at the time maintaining and educating the appellant, who was under age, and raising and feeding the calves of the heifer that constituted the small herd out of which this indebtedness sprung just on the eve of the father's pecuniary embarrassments. If such claims are to prevail against creditors there would be but few instances in which gifts to children could not be established to property and the claims of creditors ignored when the head of the family becomes involved in financial trouble.

The judgment is *affirmed*.

*Ross & Kennedy, for appellant.*

*Buckler & Paton, for appellee.*